**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal No. 2018-0014** |
| ) | |
| **NATHANIEL THOMAS, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Mark L. Milligan, Esq.**
St. Croix, U.S.V.I.
    *For Defendant*

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon consideration of the amendments to the Federal Sentencing Guidelines that went into effect on November 1, 2023. The Sentencing Commission has authorized retroactive application of Part A and Part B, Subpart 1 of Amendment 821 to begin on February 1, 2024. U.S.S.G. §§ 1B1.10(d) & 1B1.10(e)(2).

"In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of [a retroactive amendment], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." *Id.* § 1B1.10(a)(1). "[P]roceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant." *Id.* § 1B1.10(a)(3).

The procedure for a re-sentencing pursuant to 18 U.S.C. § 3582(c)(2) is as follows. The court must first "determine the amended guideline range that would have been applicable to the defendant if the [retroactive amendment] had been in effect at the time the defendant was

sentenced."[1] *Id.* § 1B1.10(b)(1). Next, the court must determine "(I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction . . . ." *Id.* § 1B1.10 App. n.1(B)(i). In making its determination, the court must consider both the factors set forth in 18 U.S.C. § 3553(a) and the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment. *Id.* § 1B1.10 App. n.1(B)(i-ii). The court may also consider any "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." *Id.* § 1B1.10 App. n.1(B)(iii).

If the court determines a reduction is warranted, such reduction may not result in "a term that is less than the minimum of the amended guideline range."[2] *Id.* § 1B1.10(b)(2)(A). Further, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(C).

Section 3582(c)(2) expressly authorizes courts to apply retroactive guideline amendments *sua sponte*. 18 U.S.C. 3582(c)(2) ("[U]pon motion of the defendant or the Director of the Bureau of Prisons, *or on its own motion*, the court may reduce the term of imprisonment . . . .") (emphasis added); *see also United States v. Isaacs*, 301 F. App'x 183, 187 (3d Cir. 2008) ("Isaacs is free to file a motion under § 3582(c)(2). However, this additional step can be avoided if the District Court raises the motion *sua sponte*, something it is expressly authorized to do under § 3582(c)(2). We encourage the Court to consider this simplified approach . . . ."). Further, "[b]ecause a § 3582(c)(2)

---

[1] In making this determination, the Court may only consider the effect of the retroactive amendments and "shall leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1).

[2] An exception to this limitation applies if the defendant's term of imprisonment was already less than the term of the imprisonment provided by the original guideline range pursuant to a government motion to reflect the defendant's substantial assistance to authorities. *Id.* § 1B1.10(b)(2)(B).

2

proceeding is not a *de novo* re-sentencing, courts need not permit re-litigation of any information available at the original sentencing" and the court need not hold a hearing. *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010).

At his July 26, 2019 sentencing hearing, the Court determined that Defendant Thomas had an offense level of 11 and a criminal history category of V. As such, the Court found that his sentencing guideline range was 24 to 30 months. The Court sentenced Defendant to 28 months.

Upon review of the information available at his original sentencing in this matter, the Court has determined that Defendant Thomas appears eligible for a sentencing reduction pursuant to Section 3582(c)(2) and Part A of Amendment 821. Specifically, Defendant Thomas appears to be eligible for a one-level reduction in his criminal history category under the new Status Point Formula.[3] *See* U.S.S.G. § 4A1.1(e). Such a reduction would result in an adjusted criminal history category of IV, and as a result, an amended guideline range of 18 months to 24 months. Applying the retroactive Status Point Formula and the same 3553(a) considerations underlying the Court's

---

[3] Under the previous sentencing guidelines, in addition to the 8 criminal history points he otherwise received, Defendant received 2 criminal history points ("status points") for committing the instant offense while under a criminal justice sentence. As a result, his total criminal history score was 10, which established a criminal history category of V.

The previous status point enhancement has been removed from the amended sentencing guidelines. Instead, under the new sentencing guidelines, defendants receive a one-point increase if they (1) otherwise have 7 or more criminal history points as calculated under U.S.S.G. § 4A1.1(a-d) and (2) committed the instant offense while under any criminal justice sentence. *See* U.S.S.G. § 4A1.1(e).

Defendant has 8 criminal history points as calculated under U.S.S.G. § 4A1.1(a-d). Further, the Court previously determined that he committed the instant offense while under a criminal justice sentence. Accordingly, he qualifies for the new status point enhancement, raising his total criminal history score from 8 to 9.

Because Defendant received 2 status points under the previous sentencing guidelines, and now only receives 1 status point, his total criminal history score has been reduced from 10 to 9. This reduces his criminal history category from V to IV.

previous sentencing determination—wherein the Court sentenced Defendant Thomas to a term of imprisonment just past the middle of the Guideline Range—the Court intends to re-sentence Defendant Thomas to a term of imprisonment of 22 months.

Accordingly, the Court plans to enter, *sua sponte*, an amended judgment for Defendant Thomas as calculated above. In accordance with the applicable law, the Court will not permit the parties to re-litigate issues that were previously addressed or information that was available to the parties at the time of Defendant Thomas' original sentencing. With that caveat, together with the other limitations on re-sentencing discussed above, the Court will permit the parties to provide their positions on the Court's intended re-sentencing.

In view of the forgoing, it is hereby

**ORDERED** that the parties shall have up to and including **May 31, 2024** within which to file submissions with the Court indicating their positions on the Court's intended reduction to Defendant Thomas' term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821; and it is further

**ORDERED** that, if the Court does not receive a response from a party, the Court will presume the party has no objection to the Court's intended disposition of this matter.

**SO ORDERED.**

Date: May 17, 2024                             _____/s/_____
                                               WILMA A. LEWIS
                                               District Judge